IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER and META PLATFORMS, INC.,<br><br>Defendants. | No. 22-cv-05891<br><br>Judge Harry D. Leinenweber |

**DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY THE COURT ORDER DATED NOVEMBER 8, 2023**

Defendant University of Chicago Medical Center ("UCMC") respectfully provides the following response to Plaintiff Sophia Hartley's ("Plaintiff") Motion to Clarify the Court Order Dated November 8, 2023 (the "Motion"). (Dkt. 53).

1. Plaintiff's Motion provides an incomplete summary of the procedural background of this dispute and is an improper attempt to avoid the standards associated with motions for leave to amend pleadings under Federal Rule of Civil Procedure ("FRCP") 15. As such, UCMC respectfully requests that Plaintiff's Motion be denied.

2. As an initial matter, Plaintiff's Motion attempts to gloss over the reality that Plaintiff is now requesting a *third* opportunity to state a viable cause of action against UCMC.

3. On October 25, 2022, Plaintiff filed her Complaint alleging claims against UCMC for: (i) "Violation of the Electronic Communications Privacy Act ("ECPA") 18 U.S.C. § 2510 *et seq*." (Count I), (ii) "Breach of Implied Duty of Confidentiality" (Count IV), and (iii) "Invasion of

Privacy—Intrusion Upon Seclusion" (Count V).[1] (Dkt. 2). On February 6, 2023, UCMC moved to dismiss Counts I, IV, and V of the Complaint. (Dkt. 27).

4. In response to UCMC's motion to dismiss, Plaintiff conceded her Complaint was deficient and filed an Agreed Motion for Leave to File First Amended Complaint pursuant to FRCP 15. (Dkt. 31).

5. On March 3, 2023, Plaintiff filed her First Amended Complaint. (Dkt. 33). Thereafter, on April 10, 2023, UCMC filed its motion to dismiss the First Amended Complaint. (Dkt. 36). Following the submission of Plaintiff's opposition (Dkt. 48) and UCMC's reply brief (Dkt. 50), the Court granted UCMC's motion to dismiss the First Amended Complaint. (Dkt. 52).

6. It is against this procedural backdrop that Plaintiff now seeks "leave to file [a second] amended complaint . . . to cure defects identified by the Court in Counts I and IV." (Dkt. 53, ¶ 4). Pursuant to FRCP 15(a)(2), if Plaintiff wishes to again amend her complaint, she must do so with either UCMC's consent or the Court's leave. FRCP 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.") UCMC does not consent to any further amendments. As a result, Plaintiff must obtain leave of Court before filing a second amended complaint.

7. However, Plaintiff's Motion robs both UCMC and this Court of any ability to evaluate her proposed amendment. Indeed, Plaintiff fails to attach a copy of her proposed second amended complaint and merely notes that it will be limited to an amended version of Counts I and IV of her First Amended Complaint. (Dkt. 53). This is not sufficient. Under FRCP 15, district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the

[1] The other two counts were directed at Defendant Meta Platforms, Inc., and were subsequently severed from this case. (Dkt. 30).

amendment would be futile." *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017) (internal citations omitted) (affirming district court's denial of motion for leave to amend because proposed amendment would be futile); *see also Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (holding that district court did not abuse its discretion in denying leave to amend where amendment would be futile).

8. Plaintiff's request that she be permitted a third attempt to assert a viable claim against UCMC should be met with considerable skepticism by this Court and requires far more than a perfunctory four paragraph Motion. Accordingly, UCMC respectfully requests that Plaintiff's Motion be denied and that if Plaintiff intends to seek leave to file a second amended complaint she do so in accordance with FRCP 15.

Respectfully submitted,

UNIVERSITY OF CHICAGO MEDICAL CENTER

By: s/ Joseph A. Strubbe
One of Its Attorneys

Joseph A. Strubbe, Bar No. 6191136
Ryan S. Hedges, Bar No. 6284872
Zachary J. Watters, Bar No. 6310675
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312)609-7500

Dated: November 10, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY COURT ORDER DATED NOVEMBER 8, 2023** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ryan F. Stephan
rstephan@stephanzouras.com
James B. Zouras
jzouras@stephanzouras.com
Mohammed A. Rathur
mrathur@stephanzouras.com
Michael Cases
mcases@stephanzouras.com
Teresa M. Becvar
tbecvar@stephanzouras.com
Catherine T. Mitchell
cmitchell@stephanzouras.com
STEPHAN ZOURAS, LLP
222 West Adams, Suite 2020
Chicago, Illinois 60606
Phone: (312)233-1550
Fax: (312)233-1560

*Attorneys for Plaintiff*

on November 10, 2023.

*/s/ Joseph A. Strubbe*
Joseph A. Strubbe