**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | Case No. 22 CV 5891<br><br>Judge Georgia N. Alexakis |

## ORDER

For the reasons that follow, the Court largely adopts plaintiff's proposed discovery plan. [131].

## STATEMENT

A district court has broad discretion to control discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998). The Court has reviewed and carefully considered the parties' competing proposals for a discovery schedule. [131]; [132]. It declines to adopt defendant's proposal that class certification and merits discovery be bifurcated.

When deciding whether to bifurcate class certification and merits discovery, courts consider the following factors: (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed. *See, e.g.*, *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2014 WL 12746902, at *2 (N.D. Ill. Feb. 24, 2014); *see also* [88] at 4.

In considering these factors, the Court observes that nearly a year ago, the district court previously assigned to this matter adopted a different bifurcated approach to discovery. *See generally* [91]. Under that bifurcated approach, the parties conducted discovery on three "threshold topics": (1) ownership and control of the four

web properties; (2) installation and operation of the Meta collection tools on the MyChart patient portal; and (3) plaintiff's interactions with and use of the web properties, including her review and consent to UCMC's Terms of Use. [91] at 2. Defendant, the proponent of this approach, predicted that "[o]nce this proposed limited discovery is completed," it would file "a motion to strike class allegations and/or deny class certification," thus allowing the Court to "mak[e] a timely determination regarding class certification." [88] at 3–4. The alternative, defendant contended, was "full-blown merits and class-wide discovery" that was "likely to take more than a year." *Id.* at 4. Yet at this time—almost a year since the parties were first charged with conducting discovery on the three threshold topics—the parties remain nowhere close to teeing up the class certification question for the Court's consideration. Instead, defendant has proposed a schedule under which a class certification motion would not be filed until mid-December 2025 (with briefing on that motion and related expert issues potentially not completed until April 2026), following several months of additional discovery. *See generally* [132].

To be sure, litigation can be unpredictable. It is not defendant's fault that its last discovery proposal did not prove as expedient as it had hoped. No one has a crystal ball. But at this juncture, more than two and a half years since this litigation began, the fact is that significant discovery remains to be done, and in this Court's estimation, continued bifurcation of that discovery would be neither expedient nor economical.

As several courts have noted, "bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery." *See In re Groupon*, 2014 WL 12746902, at *4 (collecting cases). Those disputes necessarily cause delay. *See Tate v. City of Chicago*, No. 18 C 07439, 2019 WL 2173802, at *3 (N.D. Ill. May 20, 2019) ("[B]ecause bifurcation risks additional delay, it has remained the exception and not the rule."). Moreover, such disputes are not uncommon, given the frequency with which class and merits discovery have some degree of overlap. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (explaining that analysis of class certification issues "[f]requently … will entail some overlap with the merits of the plaintiff's underlying claim" and that "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action") (cleaned up); *see also Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) ("And if some of the considerations under Rule 23(b)(3) ... overlap the merits ... then the judge must make a preliminary inquiry into the merits.").

The Court adopts the following discovery schedule from plaintiff's proposal [131], with some modifications to the timeline:

- Rule 26(a)(1) initial disclosures to be exchanged: June 30, 2025
- Written discovery to be propounded: July 14, 2025
- Fact discovery to be completed: February 13, 2026
- Rule 26(a)(2) disclosures and expert reports to be exchanged: March 13, 2026
- Expert discovery to be completed: May 22, 2026

The parties are directed to file a status report by 8/29/25 on discovery progress.

Georgia N. Alexakis
United States District Judge

Date: 6/5/25