IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | No. 1:22-cv-05891 |

**DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S LOCAL RULE 56.1(a) STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Ryan S. Hedges
BAKER & HOSTETLER LLP
One North Wacker, Suite 3700
Chicago, IL 60607
(312) 416-6200

Zachary J. Watters
Jason B. Sobelman
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

*Attorneys for Defendant University of Chicago Medical Center*

Dated: June 13, 2025

Defendant University of Chicago Medical Center ("UCMC"), by its counsel, submits this Local Rule 56.1(a) Statement of Material Facts Not in Dispute.

**The Basis of Plaintiff's Claim**

1. In her Third Amended Class Action Complaint ("TAC"), Plaintiff Sophia Hartley ("Plaintiff") alleges that she has been a patient of UCMC, an Illinois not-for-profit academic medical health system, since 2018. (Dkt. No. 126 ¶¶ 142–43.)

2. According to Plaintiff, she has also been a "user" of UCMC's Public Website which allows her to "schedule appointments, request information on specific medical services, and research providers." (*Id.* ¶¶ 4, 143.)

3. Plaintiff asserts that UCMC used various "Meta Collection Tools" on its Public Website in order to "transmit the content of [a patient and UCMC's] communications to Meta." (*Id.* ¶¶ 1, 5.)

4. Based on these allegations, Plaintiff attempts to state a claim under the Electronic Communications Privacy Act ("ECPA"). (*Id.* ¶¶ 163–89.)

5. Prior versions of Plaintiff's complaint have been based on the same basic facts, but have included allegations that Plaintiff's personal health information was transmitted to Meta via the Meta Collection Tools operating on the UCMC MyChart patient portal (*https://mychart.uchospitals.edu/mychart*). (Dkt. No. 2 ¶¶ 21–22, 24–25, 30, 38; Dkt. No. 33 ¶¶ 24–25, 27–31, 35, 43; Dkt. No. 60 ¶¶ 1, 4–5, 155; Dkt. No. 105–1 at pp. 3, 17, 40–45.)[1]

6. The parties' limited initial discovery confirmed those allegations were false, and Plaintiff has conceded that the Meta Collection Tools were never installed or operated on the UCMC MyChart patient portal. (Dkt. No. 120 at 1.)

[1] Citations to Dkt. No. 105-1, a redline comparison of the TAC against the Second Amended Class Action Complaint ("SAC"), are made to the ECF header page number.

**Plaintiff's First Attempts to State a Claim**

7. On October 25, 2022, Plaintiff filed her original Complaint. (Dkt. No. 2.)

8. On February 6, 2023, UCMC filed its motion to dismiss and supporting memorandum. (Dkt. Nos. 27–28.)

9. On March 2, 2023, Plaintiff filed an agreed motion for leave to file her Amended Complaint. (Dkt No. 31.)

10. On March 3, 2023, the Court granted Plaintiff's motion. (Dkt. No. 32.)

11. On March 3, 2023, Plaintiff filed her First Amended Complaint ("FAC"). (Dkt. No. 33.)

12. On April 10, 2023, UCMC filed its motion to dismiss and supporting memorandum. (Dkt. Nos. 36, 39.)

13. On November 8, 2023, the Court granted UCMC's motion and dismissed every claim in Plaintiff's FAC. (Dkt. No. 52.)

14. As a result, this case was "terminated." (*Id.*)

**Plaintiff Agrees to be Bound by UCMC's Terms**

15. UCMC's records indicate that Plaintiff logged-in to the UCMC MyChart patient portal (*https://mychart.uchospitals.edu/mychart*) approximately 86 times between November 2019 and December 2023. (Dkt. No. 111 at 3 n.1; UCMC MyChart patient portal records for Plaintiff (produced in native file format and bates stamped UCMC_00000007) ("UCMC MyChart Records") and attached hereto as **Exhibit 1**.)[2]

[2] Due to the number of rows and columns contained in the UCMC MyChart Records, conversion of the native Excel file to a .pdf file renders the document difficult to read. As a result and consistent with instructions provided by the Court's chambers, UCMC is providing a native Excel file version of the UCMC MyChart Records to the Court's proposed order inbox. Citations to the UCMC MyChart Records will be made to specific row numbers in the native Excel file.

16. As a user of the UCMC MyChart patient portal, Plaintiff was occasionally presented with a copy of The University of Chicago Medicine Terms of Use ("UCMC's Terms") while logging-in. (Dkt. No. 88–1 ¶¶ 10–11; Declaration of Karen Habercoss ("Habercoss Decl.") ¶ 4, attached hereto as **Exhibit 2**.)

17. When Plaintiff, or any user of the UCMC MyChart patient portal, was presented with a copy of UCMC's Terms she had an opportunity to review UCMC's Terms and was then asked to consent to them. (Habercoss Decl. ¶ 5, Ex. 2.)

18. UCMC's Terms and the options for Plaintiff (or any user) to "Accept" or "Decline" those Terms was presented to Plaintiff in substantially the following format:


AT THE FOREFRONT UChicago Medicine MyChart

**The terms and conditions for accessing MyChart have been updated. To proceed, you must agree to the following conditions governing the use of this website.**

TERMS AND CONDITIONS OF USE
The University of Chicago Medical Center ("UCMC") is pleased to offer you access to portions of your medical information and the ability to communicate with your UCMC care team via a Web-based version of our computer systems called MyChart.

We think it is important for you to know how we handle information we communicate via the Internet. This Terms & Conditions statement outlines our practices and our sensitivity to your right to privacy. We reserve the right to revoke access at any time for any reason.

**Response to Electronic Communication** - UCMC will make its best effort to provide a timely response to electronic inquiries. In some cases, the clinic staff that needs to respond to an electronic inquiry or other communication may not be immediately available so a patient should allow at least three (3) business days for a response. Accordingly, emergency situations requiring immediate attention should not be submitted electronically, and the patient should go to the nearest emergency room or contact 911 immediately.

The messages that we send you may contain information that is important to your health and medical care, and it is your responsibility to monitor these messages. UCMC will not be liable for any loss, injury or claims of any kind resulting from MyChart messages that you fail to read in a timely manner.

Furthermore, with respect to any electronic communications sent by the patient, we are only able to respond to such communications based on the information provided by the patient. If there is insufficient information provided, we will be unable to provide accurate and reliable services.

**Web Site Links** - MyChart may offer links to related medical Web sites not managed by UCMC. These Web site link(s) are for a patient's informational purposes only. UCMC does not endorse and has not verified the accuracy of the information in/on these Web sites, and the patient should not rely on any of the information found on the Web sites for purposes of treatment or diagnosis.

**Minor Eligibility** - Children under the age of 12 are not permitted to have their own individual UCMC MyChart account. Minor patients ages 12 to 17 years can request individual, full access to their own MyChart Account with the approval of their

I Accept Decline

High Contrast Theme MyChart® licensed from Epic Systems Corporation, © 1999 - 2022.

(Habercoss Decl. ¶ 6, Ex. 2.)

19. UCMC's records indicate that Plaintiff reviewed and affirmatively consented to UCMC's Terms on multiple occasions, including on December 5, 2023. (Dkt. No. 88–1 ¶ 11.)

20. Specifically, UCMC's records indicate that Plaintiff viewed UCMC's Terms at 9:03 a.m. (CST) and then accepted UCMC's Terms one minute later at 9:04 a.m. (CST). (UCMC MyChart Records at Rows 1153–54, Ex. 1.)

**The Contents of UCMC's Terms**

21. The content of UCMC's Terms have changed over time. (Dkt. No. 88–1 ¶ 12.)

22. The latest version of UCMC's Terms, which Plaintiff viewed and accepted, have an effective date of August 31, 2023. (UCMC's Terms, Effective Date: August 31, 2023 (bates stamped UCMC_00000017–28) ("Aug. 31, 2023 Terms") at 1, attached hereto as **Exhibit 3**.)

23. On its face, UCMC's Aug. 31, 2023 Terms apply to the use of both: (i) UCMC's unauthenticated public website (www.uchicagomedine.org) (the "Public Website") and (ii) UCMC's MyChart patient portal. (Dkt. No. 88–1 ¶ 9; Aug. 31, 2023 Terms at 1, Ex. 3.)

24. UCMC's Aug. 31, 2023 Terms refer to both the Public Website and the MyChart patient portal, collectively, as the "Digital Services." (Aug. 31, 2023 Terms at 1, Ex. 3.)

25. The very first page of UCMC's Aug. 31, 2023 Terms made Plaintiff aware that "**[b]y clicking 'I Accept' or by accessing our Digital Services [. . .] you agree to the Terms.**" (*Id*. at 1 (emphasis in original).)

26. Plaintiff was also cautioned that if she did "**not agree to all of the Terms, including the class action waiver described below, [she] may not access or use the Digital Services.**" (*Id*. at 2 (emphasis in original).)

27. Consistent with that representation, access to the UCMC MyChart patient portal is available only if a potential user first clicks "**I Accept**" when presented with UCMC's Terms. (Habercoss Decl. ¶ 7, Ex. 2.)

28. After accepting UCMC's Terms on December 5, 2023 at 9:04 a.m., Plaintiff proceeded to access multiple features of the UCMC MyChart patient portal later that same day and on December 10, 2023. (UCMC MyChart Records at Rows 1155–391, Ex. 1.)

29. Plaintiff never accessed the UCMC MyChart patient portal after December 10, 2023. (*Id.*)

30. Additionally, the first page of UCMC's Aug. 31, 2023 Terms also includes a notice (in bold font) that by accepting UCMC's Terms Plaintiff was limiting the remedies available to her in the event a dispute arose regarding the Digital Services. (Aug. 31, 2023 Terms at 1, Ex. 3.)

31. Specifically, UCMC's Aug. 31, 2023 Terms state: "**Section 15 of these Terms limits the remedies available to you in the event of certain disputes related to the operation or use of the Digital Services, including agreeing to file any dispute on an individual basis (and not as part of a class or collective action) and to waive a jury trial.**" (*Id.* (emphasis in original).)

32. As indicated on the first page of UCMC's Aug. 31, 2023 Terms, Section 15 limits the remedies available to Plaintiff with respect to certain types of disputes. (*Id.* at 9–10.) In pertinent part, Section 15 states: "**Please read the following sections carefully because they limit the manner in which you can seek relief from us related to certain disputes, claims, suits, actions, causes of action, demands, or proceedings against any UCMC Parties that in any way arise out of or relate to the operation, or your use, of the Digital Services or Content**

**(except for disputes that arise from Health Care Services) ("Disputes")."** (*Id*. at 9 (emphasis in original).)

33. UCMC's Aug. 31, 2023 Terms define the phrase "UCMC Parties" to mean "UCMC or any of its affiliates or any of its or their respective officers, directors, employees, agents, contractors, and other representatives[.]" (*Id* at 7.)

34. Section 15 contains two sub-parts which limit both Plaintiff and UCMC's rights with respect to "Disputes" and are relevant to this motion. (*Id*. at 9–10.)

35. Section 15(C) states, in relevant part: "You and UCMC agree the each party will notify the other party in writing of any Dispute within thirty (30) days of the date it arises so that the parties can attempt in good faith to resolve the Dispute informally." (*Id*. at 9.) UCMC's Aug. 31, 2023 Terms further provide for how each party is to be provided the written notice and the required content of the written notice. (*Id*. at 9–10.) Critically, Section 15(C) states that if "you and UCMC cannot agree how to resolve the Dispute within thirty (30) days after the date notice is received by the receiving party" only then can either party "commence a formal proceeding." (*Id*. at 10.)

36. Additionally, Section 15(C) contains a waiver of the right to a jury trial on Disputes for both Plaintiff and UCMC. (*Id*. at 9.)

37. Section 15(A) states: "**You and UCMC agree that each may bring claims or otherwise resolve Disputes against the other party only on an individual basis, and you waive any right to pursue any claims as a plaintiff of class member in any purported class or representative action or proceeding, whether on behalf of you or any other individual or group of individuals.**" (*Id*. at 9 (emphasis in original).)

38. UCMC's Terms are to be "governed by and construed in accordance with the laws of the State of Illinois, without regard to its conflict-of-law provisions." (*Id*. at 11.)

**Plaintiff's Violations of UCMC's Terms**

39. On December 12, 2023, Plaintiff filed her SAC. (Dkt. No. 60.)

40. On January 17, 2024, UCMC filed it motion to dismiss and supporting memorandum. (Dkt. Nos. 64–65.)

41. On April 30, 2024, the Court granted, in part, UCMC's motion and dismissed Plaintiff's breach of implied duty claim with prejudice, but permitted Plaintiff's ECPA claim to proceed. (Dkt. No. 75.)

42. Following discovery into certain limited topics (Dkt. No. 93), Plaintiff conceded that some of the allegations in her SAC were unfounded and had to be removed. (Dkt. No. 105.)

43. Following motion practice, on April 11, 2025, Plaintiff filed the TAC. (Dkt. No. 126.)

44. Plaintiff concedes that she never attempted to comply with Section 15(C) and never submitted a written notice to UCMC. (Deposition of Sophia Hartley ("Hartley Dep.") 72:9–24, attached hereto as **Exhibit 4**.)

45. Plaintiff has styled her TAC (and all prior iterations of her complaint) as putative class actions. (Dkt. Nos. 2, 33, 60, 126.)

**Plaintiff's December 2023 Visits to the UCMC MyChart Patient Portal**

46. Plaintiff graduated from the University of Chicago in December 2022 and eventually relocated to the Boston area in August 2023 to attend graduate school. (Hartley Dep. 24:24; 25:1–24; 26:1–4, Ex. 4.)

47. Before she moved to Boston, Plaintiff logged into the UCMC MyChart patient portal on a monthly basis between April 2023 and August 2023. (UCMC MyChart Records at Rows 884–1151, Ex. 1.)

48. After her move, Plaintiff's visits to the UCMC MyChart patient portal ceased for several months. (*Id*. at Rows 1151–52.)

49. This is not surprising given that Plaintiff was receiving her medical care from a Boston area physician at that time. (Hartley Dep. 65:2–13, Ex. 4.)

50. When asked at her deposition, Plaintiff could not provide an answer as to why she accessed the UCMC MyChart patient portal numerous times while no longer a patient of UCMC. (*Id*. at 69:23–24; 70:1–24; 71:1–24, Ex. 4.)

Respectfully submitted,

UNIVERSITY OF CHICAGO MEDICAL CENTER

By: *\/s\/ Ryan S. Hedges*
One of Its Attorneys

Ryan S. Hedges
BAKER & HOSTETLER LLP
One North Wacker, Suite 3700
Chicago, IL 60607

Zachary J. Watters
Jason B. Sobelman
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

Dated: June 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S LOCAL RULE 56.1(a) STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ryan F. Stephan
James B. Zouras
Mohammed A. Rathur
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Phone: (312)233-1550
Fax: (312)233-1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mrathur@stephanzouras.com

Lauren R. Goldman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Phone: (212) 351-4000
lgoldman@gibsondunn.com

Matthew L. Kutcher
Cooley LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606
Phone: (312) 881-6500
Fax: (312) 881-6598
mkutcher@cooley.com

on June 13, 2025

*/s/ Ryan S. Hedges*
Ryan S. Hedges

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | No. 1:22-cv-05891 |

**<u>TABLE OF CONTENTS OF EXHIBITS</u>**

**Exhibit 1** – UCMC MyChart patient portal records for Plaintiff (produced in native file format and bates stamped UCMC_00000007) ("UCMC MyChart Records").

**Exhibit 2 –** Declaration of Karen Habercoss, dated June 12, 2025 ("Habercoss Decl.").

**Exhibit 3** – UCMC's Terms, Effective Date: August 31, 2023 (bates stamped UCMC_00000017–28) ("Aug. 31, 2023 Terms").

**Exhibit 4** - Deposition of Plaintiff Sophia Hartley, dated October 22, 2024 ("Hartley Dep.")