**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | Case No. 1:22-cv-05891 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**
**AND PLAINTIFFS' STATEMENT AOF ADDITIONAL MATERIAL FACTS**

Plaintiff Sophia Hartley ("Hartley" or "Plaintiff") hereby respond to Defendant's Local Rule 56.1 Statement of Material Facts Not in Dispute.

**PLAINTIFF'S RESPONSE**

**The Basis of Plaintiff's Claim**

1. In her Third Amended Class Action Complaint ("TAC"), Plaintiff Sophia Hartley ("Plaintiff") alleges that she has been a patient of UCMC, an Illinois not-for-profit academic medical health system, since 2018. (Dkt. No. 126 ¶¶ 142–43.)

**RESPONSE:** Undisputed.

2. According to Plaintiff, she has also been a "user" of UCMC's Public Website which allows her to "schedule appointments, request information on specific medical services, and research providers." (*Id.* ¶¶ 4, 143.)

**RESPONSE:** Undisputed.

3. Plaintiff asserts that UCMC used various "Meta Collection Tools" on its Public Website in order to "transmit the content of [a patient and UCMC's] communications to Meta." (*Id.* ¶¶ 1, 5.).

**RESPONSE:** Disputed in part, the cited paragraphs from Plaintiff's TAC do not allege that the content of UCMC's communications were transmitted to Meta. Undisputed that in other paragraphs, Plaintiff asserts UCMC's Meta Collection Tools on UCMC's Public Website transmit the content of patient communications to Meta. (Dkt. No. 126 at ¶¶ 1, 14, 56, 72).

4. Based on these allegations, Plaintiff attempts to state a claim under the Electronic Communications Privacy Act ("ECPA"). (*Id.* ¶¶ 163–89.)

**RESPONSE:** Objection, Defendant attributes the incorrect citations to Plaintiff's TAC. The citations should be ¶¶ 163–189. This statement is otherwise undisputed, and the remaining facts in this paragraph are also undisputed.

5. Prior versions of Plaintiff's complaint have been based on the same basic facts, but have included allegations that Plaintiff's personal health information was transmitted to Meta via the Meta Collection Tools operating on the UCMC MyChart patient portal (*https://mychart.uchospitals.edu/mychart*). (Dkt. No. 2 ¶¶ 21–22, 24–25, 30, 38; Dkt. No. 33 ¶¶ 24–25, 27–31, 35, 43; Dkt. No. 60 ¶¶ 1, 4–5, 155; Dkt. No. 105–1 at pp. 3, 17, 40–45).

**RESPONSE:** Undisputed.

6. The limited initial discovery confirmed those allegations were false, and Plaintiff has conceded that the Meta Collection Tools were never installed or operated on the UCMC MyChart patient portal. (Dkt. No. 120 at 1.).

**RESPONSE:** Undisputed that the limited initial discovery revealed that the Meta Collection Tools were never installed or operated on the UCMC MyChart patient portal.

**Plaintiff's First Attempts to State a Claim**

7. On October 25, 2022, Plaintiff filed her original Complaint. (Dkt. No. 2.)

**RESPONSE:** Undisputed.

8. On February 6, 2023, UCMC filed its motion to dismiss and supporting memorandum. (Dkt. Nos. 27–28.).

**RESPONSE:** Undisputed.

9. On March 2, 2023, Plaintiff filed an agreed motion for leave to file her Amended Complaint. (Dkt No. 31.)

**RESPONSE:** Undisputed

10. On March 3, 2023, the Court granted Plaintiff's motion. (Dkt. No. 32.)

**RESPONSE:** Undisputed.

11. On March 3, 2023, Plaintiff filed her First Amended Complaint ("FAC"). (Dkt. No. 33.)

**RESPONSE:** Undisputed.

12. On April 10, 2023, UCMC filed its motion to dismiss and supporting memorandum. (Dkt. Nos. 36, 39.)

**RESPONSE:** Undisputed

13. On November 8, 2023, the Court granted UCMC's motion and dismissed every claim in Plaintiff's FAC. (Dkt. No. 52.)

**RESPONSE:** Undisputed.

14. As a result, this case was "terminated." (*Id.*)

**RESPONSE:** Disputed. As explained in the Court's November 8, 2023 Opinion and Order granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), "the Court

did not intend to terminate the case," concerning the November 8, 2023 docket entry. (Dkt. No. 75 at pg. 2). The Court's November 8, 2023 Opinion and Order and the corresponding docket entry expressly denied Counts I and IV of Plaintiff's FAC "without prejudice". (Dkt. No. 52). However, as the Court explained, the November 8, 2023 docket entry incorrectly stated "[c]ivil case terminated". *Id.*; (Dkt. No. 75 at pg. 2). Plaintiff filed a Motion to Clarify on November 9, 2023 requesting the Court correct its November 8, 2023 docket entry to accurately reflect, as the Court ruled in its November 8, 2023 Opinion and Order, that the case was not terminated. (Dkt. No. 53). The Court granted Plaintiff's Motion to Clarify on November 13, 2023 and set a deadline for Plaintiff to file an amended complaint and for Defendant to file a responsive pleading. (Dkt. No. 56).

**Plaintiff Agrees to be Bound by UCMC's Terms**

15. UCMC's records indicate that Plaintiff logged-in to the UCMC MyChart patient portal (*https://mychart.uchospitals.edu/mychart*) approximately 86 times between November 2019 and December 2023. (Dkt. No. 111 at 3 n.1; UCMC MyChart patient portal records for Plaintiff (produced in native file format and bates stamped UCMC_00000007) ("UCMC MyChart Records") and attached hereto as **Exhibit 1.**).

**RESPONSE:** Undisputed.

16. As a user of the UCMC MyChart patient portal, Plaintiff was occasionally presented with a copy of The University of Chicago Medicine Terms of Use ("UCMC's Terms") while logging-in. (Dkt. No. 88–1 ¶¶ 10–11; Declaration of Karen Habercoss ("Habercoss Decl.") ¶ 4, attached hereto as **Exhibit 2**.)

**RESPONSE:** Undisputed.

17. When Plaintiff, or any user of the UCMC MyChart patient portal, was presented with a copy of UCMC's Terms she had an opportunity to review UCMC's Terms and was then asked to consent to them. (Habercoss Decl. ¶ 5, Ex. 2.)

**RESPONSE:** Undisputed.

18. UCMC's Terms and the options for Plaintiff (or any user) to "Accept" or "Decline" those Terms was presented to Plaintiff in substantially the following format (Habercoss Decl. ¶ 6, Ex. 2):



AT THE FOREFRONT
UChicago Medicine
MyChart

**The terms and conditions for accessing MyChart have been updated. To proceed, you must agree to the following conditions governing the use of this website.**

TERMS AND CONDITIONS OF USE
The University of Chicago Medical Center ("UCMC") is pleased to offer you access to portions of your medical information and the ability to communicate with your UCMC care team via a Web-based version of our computer systems called MyChart.

We think it is important for you to know how we handle information we communicate via the Internet. This Terms & Conditions statement outlines our practices and our sensitivity to your right to privacy. We reserve the right to revoke access at any time for any reason.

**Response to Electronic Communication** - UCMC will make its best effort to provide a timely response to electronic inquiries. In some cases, the clinic staff that needs to respond to an electronic inquiry or other communication may not be immediately available so a patient should allow at least three (3) business days for a response. Accordingly, emergency situations requiring immediate attention should not be submitted electronically, and the patient should go to the nearest emergency room or contact 911 immediately.

The messages that we send you may contain information that is important to your health and medical care, and it is your responsibility to monitor these messages. UCMC will not be liable for any loss, injury or claims of any kind resulting from MyChart messages that you fail to read in a timely manner.

Furthermore, with respect to any electronic communications sent by the patient, we are only able to respond to such communications based on the information provided by the patient. If there is insufficient information provided, we will be unable to provide accurate and reliable services.

**Web Site Links** - MyChart may offer links to related medical Web sites not managed by UCMC. These Web site link(s) are for a patient's informational purposes only. UCMC does not endorse and has not verified the accuracy of the information in/on these Web sites, and the patient should not rely on any of the information found on the Web sites for purposes of treatment or diagnosis.

**Minor Eligibility** - Children under the age of 12 are not permitted to have their own individual UCMC MyChart account. Minor patients ages 12 to 17 years can request individual, full access to their own MyChart Account with the approval of their

I Accept  Decline

High Contrast Theme  MyChart® licensed from Epic Systems Corporation, © 1999 - 2022.

**RESPONSE:** Undisputed.

19. UCMC's records indicate that Plaintiff reviewed and affirmatively consented to UCMC's Terms on multiple occasions, including on December 5, 2023. (Dkt. No. 88–1 ¶ 11).

**RESPONSE:** Objection, whether Plaintiff "affirmatively consented to UCMC's Terms" calls for a legal conclusion. The remaining facts of this statement are undisputed.

20. Specifically, UCMC's records indicate that Plaintiff viewed UCMC's Terms at 9:03 a.m. (CST) and then accepted UCMC's Terms one minute later at 9:04 a.m. (CST). (UCMC MyChart Records at Rows 1153–54, Ex. 1.)

**RESPONSE:** Objection, whether Plaintiff "accepted UCMC's Terms" calls for a legal conclusion. The remaining facts of this statement are undisputed.

**The Contents of UCMC's Terms**

21. The content of UCMC's Terms have changed over time. (Dkt. No. 88–1 ¶ 12.)

**RESPONSE:** Undisputed.

22. The latest version of UCMC's Terms, which Plaintiff viewed and accepted, have an effective date of August 31, 2023. (UCMC's Terms, Effective Date: August 31, 2023 (bates stamped UCMC_00000017–28) ("Aug. 31, 2023 Terms") at 1, attached hereto as **Exhibit 3**.)

**RESPONSE:** Objection, whether Plaintiff "accepted UCMC's Terms" calls for a legal conclusion. The remaining facts of this statement are undisputed.

23. On its face, UCMC's Aug. 31, 2023 Terms apply to the use of both: (i) UCMC's unauthenticated public website (www.uchicagomedine.org) (the "Public Website") and (ii) UCMC's MyChart patient portal. (Dkt. No. 88–1 ¶ 9; Aug. 31, 2023 Terms at 1, Ex. 3.)

**RESPONSE:** Undisputed.

24. UCMC's Aug. 31, 2023 Terms refer to both the Public Website and the MyChart patient portal, collectively, as the "Digital Services." (Aug. 31, 2023 Terms at 1, Ex. 3.)

**RESPONSE:** Undisputed.

25. The very first page of UCMC's Aug. 31, 2023 Terms made Plaintiff aware that "**[b]y clicking 'I Accept' or by accessing our Digital Services [. . .] you agree to the Terms.**" (*Id*. at 1 (emphasis in original).)

**RESPONSE:** Undisputed.

26. Plaintiff was also cautioned that if she did "**not agree to all of the Terms, including the class action waiver described below, [she] may not access or use the Digital Services.**" (*Id*. at 2 (emphasis in original).)

**RESPONSE:** Undisputed.

27. Consistent with that representation, access to the UCMC MyChart patient portal is available only if a potential user first clicks "**I Accept**" when presented with UCMC's Terms. (Habercoss Decl. ¶ 7, Ex. 2.)

**RESPONSE:** Undisputed.

28. After accepting UCMC's Terms on December 5, 2023 at 9:04 a.m., Plaintiff proceeded to access multiple features of the UCMC MyChart patient portal later that same day and on December 10, 2023. (UCMC MyChart Records at Rows 1155–391, Ex. 1.)

**RESPONSE:** Undisputed.

29. Plaintiff never accessed the UCMC MyChart patient portal after December 10, 2023. (*Id.*)

**RESPONSE:** Undisputed.

30. Additionally, the first page of UCMC's Aug. 31, 2023 Terms also includes a notice (in bold font) that by accepting UCMC's Terms Plaintiff was limiting the remedies available to her in the event a dispute arose regarding the Digital Services. (Aug. 31, 2023 Terms at 1, Ex. 3.)

**RESPONSE:** Disputed to the extent this statement suggests that the Aug. 31, 2023 Terms limit the remedies available to her in connection with the claims she has been asserting in this action since filing her complaint on October 25, 2022.

31. Specifically, UCMC's Aug. 31, 2023 Terms state: "**Section 15 of these Terms limits the remedies available to you in the event of certain disputes related to the operation or use of the Digital Services, including agreeing to file any dispute on an individual basis (and not as part of a class or collective action) and to waive a jury trial.**" (*Id*. (emphasis in original).)

**RESPONSE:** Undisputed.

32. As indicated on the first page of UCMC's Aug. 31, 2023 Terms, Section 15 limits the remedies available to Plaintiff with respect to certain types of disputes. (*Id*. at 9–10.) In pertinent part, Section 15 states: "**Please read the following sections carefully because they limit the manner in which you can seek relief from us related to certain disputes, claims, suits, actions, causes of action, demands, or proceedings against any UCMC Parties that in any way arise out of or relate to the operation, or your use, of the Digital Services or Content (except for disputes that arise from Health Care Services) ("Disputes ").**" (*Id*. at 9 (emphasis in original).

**RESPONSE:** Disputed to the extent this statement suggests that the Aug. 31, 2023 Terms limit the remedies available to her in connection with the claims she has been pursuing in this matter since filing her complaint on October 25, 2022.

33. UCMC's Aug. 31, 2023 Terms define the phrase "UCMC Parties" to mean "UCMC or any of its affiliates or any of its or their respective officers, directors, employees, agents, contractors, and other representatives[.]" (*Id* at 7.)

**RESPONSE:** Undisputed.

34. Section 15 contains two sub-parts which limit both Plaintiff and UCMC's rights with respect to "Disputes" and are relevant to this motion. (*Id*. at 9–10.)

**RESPONSE:** Disputed to the extent this statement suggests that the Aug. 31, 2023 Terms limit the remedies available to her in connection with the claims she has been pursuing in this matter since filing her complaint on October 25, 2022. .

35. Section 15(C) states, in relevant part: "You and UCMC agree the each party will notify the other party in writing of any Dispute within thirty (30) days of the date it arises so that the parties can attempt in good faith to resolve the Dispute informally." (*Id*. at 9.) UCMC's Aug. 31, 2023 Terms further provide for how each party is to be provided the written notice and the required content of the written notice. (*Id*. at 9–10.) Critically, Section 15(C) states that if "you and UCMC cannot agree how to resolve the Dispute within thirty (30) days after the date notice is received by the receiving party" only then can either party "commence a formal proceeding." (*Id*. at 10.)

**RESPONSE:** Undisputed.

36. Additionally, Section 15(C) contains a waiver of the right to a jury trial on Disputes for both Plaintiff and UCMC. (*Id*. at 9.)

**RESPONSE:** Objection, this statement calls for a legal conclusion. Subject to this objection, this statement is disputed to the extent it suggests that the Aug. 31, 2023 Terms limit the remedies available to her in connection with the claims she has been pursuing in this matter since filing her complaint on October 25, 2022.

37. Section 15(A) states: "**You and UCMC agree that each may bring claims or otherwise resolve Disputes against the other party only on an individual basis, and you waive any right to pursue any claims as a plaintiff of class member in any purported class or representative action or proceeding, whether on behalf of you or any other individual or group of individuals**." (*Id*. at 9 (emphasis in original).)

**RESPONSE:** Undisputed.

38. UCMC's Terms are to be "governed by and construed in accordance with the laws of the State of Illinois, without regard to its conflict-of-law provisions." (*Id*. at 11).

**RESPONSE:** Undisputed.

**Plaintiff's Violations of UCMC's Terms**

39. On December 12, 2023, Plaintiff filed her SAC. (Dkt. No. 60.)

**RESPONSE:** Undisputed.

40. On January 17, 2024, UCMC filed it motion to dismiss and supporting memorandum. (Dkt. Nos. 64–65.)

**RESPONSE:** Undisputed.

41. On April 30, 2024, the Court granted, in part, UCMC's motion and dismissed Plaintiff's breach of implied duty claim with prejudice, but permitted Plaintiff's ECPA claim to proceed. (Dkt. No. 75.)

**RESPONSE:** Undisputed.

42. Following discovery into certain limited topics (Dkt. No. 93), Plaintiff conceded that some of the allegations in her SAC were unfounded and had to be removed. (Dkt. No. 105.)

**RESPONSE:** Undisputed that the limited initial discovery revealed that certain allegations in the SAC were inaccurate and properly removed in an amended pleading.

43. Following motion practice, on April 11, 2025, Plaintiff filed the TAC. (Dkt. No. 126.)

**RESPONSE:** Undisputed.

44. Plaintiff concedes that she never attempted to comply with Section 15(C) and never submitted a written notice to UCMC. (Deposition of Sophia Hartley ("Hartley Dep.") 72:9–24, attached hereto as **Exhibit 4**.)

**RESPONSE:** Undisputed.

45. Plaintiff has styled her TAC (and all prior iterations of her complaint) as putative class actions. (Dkt. Nos. 2, 33, 60, 126.)

**RESPONSE:** Undisputed.

46. Plaintiff graduated from the University of Chicago in December 2022 and eventually relocated to the Boston area in August 2023 to attend graduate school. (Hartley Dep. 24:24; 25:1–24; 26:1–4, Ex. 4.).

**RESPONSE:** Undisputed.

47. Before she moved to Boston, Plaintiff logged into the UCMC MyChart patient portal on a monthly basis between April 2023 and August 2023. (UCMC MyChart Records at Rows 884–1151, Ex. 1.)

**RESPONSE:** Undisputed.

48. After her move, Plaintiff's visits to the UCMC MyChart patient portal ceased for several months. (*Id*. at Rows 1151–52.)

**RESPONSE:** Undisputed.

49. This is not surprising given that Plaintiff was receiving her medical care from a Boston area physician at that time. (Hartley Dep. 65:2–13, Ex. 4.)

RESPONSE: Undisputed that Plaintiff was receiving her medical care from a Boston area physician at that time.

50. When asked at her deposition, Plaintiff could not provide an answer as to why she accessed the UCMC MyChart patient portal numerous times while no longer a patient of UCMC. (*Id*. at 69:23–24; 70:1–24; 71:1–24, Ex. 4.)

**RESPONSE:** Disputed, that "Plaintiff could not provide an answer". In response to Defendant's questions, Plaintiff stated "I don't know", "I don't remember" and "[n]ot that I can remember or not that I can think of". Def.'s Ex. 4 at 70:1–24; 71:1–24.

## PLAINTIFF'S LOCAL RULE 56 (b)(3)(c) ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS REQUIRING DENIAL

### UCMC Had No Agreements With Hartley Which Precluded the Filing of Her Original Complaint

1. In August of 2022, UCMC updated its Public Website Terms of Use to include, for the first time, "a waiver by the user to assert claims against UCMC as a class, as well as agreements to limit UCMC's liability, limit the damages to which the user is entitled, and require the user to engage in a dispute resolution process before filing a lawsuit." Exhibit 1, ("Habercoss Dep. Tr.") at 53:4-54:23.

2. The August 2022 Terms of Use appeared only on UCMC's Public Website until "approximately" November 2022, at which point the same Terms of Use also appeared on UCMC's MyChart patient portal. *Id.* at 58:15-59:25. (hereinafter, "UCMC's Terms").

3. Plaintiff filed her original Complaint on October 25, 2022. (Dkt. No. 2).

4. On October 25, 2022 there was no contractual agreement between Plaintiff and Defendant that precluded Plaintiff from filing and litigating her class claims. (Habercoss Dep. Tr. at 53:4-54:23; 58:15-59:25; *see also* Dkt. No. 88-1 at ¶ 11.

5. Beginning for the first time in November of 2022, after Plaintiff filed her original Complaint, UCMC's Terms were occasionally presented to users of UCMC's MyChart portal when they visit the login page, and the user is given an opportunity to review and accept UCMC's Terms in order to access the MyChart portal. Habercoss Dep. Tr. at 47:17-48:8; 59:3-18; (Dkt. No. 142-2) at ¶¶ 4-7.

6. Plaintiff filed her First Amended Complaint on March 3, 2023 (Dkt. No. 33).

**The Court Makes a Clerical Error by Incorrectly Stating this Case Was "Terminated", a Mistake it Promptly Corrected Under Rule 60(a)**

7. On November 8, 2023, the Court granted UCMC's Motion to Dismiss Plaintiff's First Amended Complaint, dismissing Count V (Intrusion Upon Seclusion) with prejudice and dismissing Count I (Electronic Communication Privacy Act) and Count IV (Breach of Implied Duty of Confidentiality) without prejudice. (Dkt. No. 52)

8. However, on November 8, 2023, the Court made a clerical mistake, and entered an erroneous docket entry that incorrectly stated "[c]ivil case terminated." (Dkt. No. 52).

9. The same docket entry also stated that "Counts I and IV of Plaintiff's Complaint are dismissed without prejudice." (Dkt. No. 52).

10. Plaintiff filed a Motion to Clarify on November 9, 2023 requesting the Court clarify its docket entry from November 8, 2023 to mean the case was not terminated and for leave to file an amended complaint. (Dkt. No. 53).

11. On November 13, 2023, the Court granted Plaintiff's Motion to Clarify and set a deadline for Plaintiff to file the amended complaint and for Defendant to file a responsive pleading. (Dkt. No. 56).

12. The Court's November 13, 2023 minute entry explicitly states "[c]ase reopened". (Dkt. No. 56).

13. Plaintiff filed her Second Amended Complaint on December 12, 2023 (Dkt. No. 61)

14. On April 30, 2024, the Court denied UCMC's Motion to Dismiss Plaintiff's ECPA claim from the SAC. (Dkt. No. 75.)

15. In the Court's April 30, 2024 Opinion, the Court stated, with respect to its mistaken minute entry from November 8, 2023:

> Before reaching the issues raised by Defendant's Motion, the Court will consider a procedural request by Plaintiff concerning a minute entry that stated that the case was "terminated," and for leave to file the second amended complaint. The Defendant objects and argues that the Plaintiff needs leave of the Court to file the SAC pursuant to FRCP 15 before filing an amended pleading. Plaintiff is correct, *the Court did not intend to terminate the case*, and if requested, would have allowed the filing of the SAC. The Motion is fully briefed, and Defendant has not demonstrated any prejudice in continuing to proceed on the SAC, so its objection is overruled.

(Dkt. No. 75 at pg. 2) (emphasis added).

Date: July 11, 2025

Respectfully Submitted,

*/s/ Michael J. Casas*

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
Michael J. Casas
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused a true and correct copy of the attached to be served on all record counsel through the Court's electronic filing system.

Dated: July 11, 2025 /s/ *Michael J. Casas*