**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | Case No. 1:22-cv-05891 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Sophia Hartley ("Hartley" or "Plaintiff") respectfully submits the following Opposition to the Motion for Summary Judgement and to Strike Plaintiff's Class Allegations filed by University of Chicago Medical Center ("UCMC" or "Defendant") [Dkt. 141].

## I. INTRODUCTION

This Court indisputably made a clerical error which Defendant says entitles it to summary judgment. Specifically, notwithstanding the Court's clear and explicit correction of a mistaken docket entry under Rule 60(a), Defendant wants to pretend this case was formally closed and then refiled by Plaintiff. Defendant's motion is not grounded in any genuine dispute of material fact but instead relies on a narrative this Court has already rejected: that Plaintiff's filing of the Second Amended Complaint ("SAC") is a "new" lawsuit. In truth, Hartley's claims have remained pending since October 25, 2022 and any agreement the parties may have subsequently consummated does not retroactively apply to Plaintiff's original filing. Defendant's revisionist account of the procedural history is wholly untenable and its motion should be denied.

## II. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

In August of 2022, UCMC updated its Public Website Terms of Use to include, for the first time, "a waiver by the user to assert claims against UCMC as a class, as well as agreements to limit UCMC's liability, limit the damages to which the user is entitled, and require the user to engage in a dispute resolution process before filing a lawsuit." Plaintiff's Local Rule 56 (b)(3)(c) Additional Statement of Undisputed Material Facts ("P's SOF") at ¶ 1. The August 2022 Terms of Use appeared only on UCMC's Public Website until "approximately" November 2022, at which point the same Terms of Use also began appearing, for the first time, on UCMC's MyChart patient portal. (hereinafter, "UCMC's Terms"). *Id.* at ¶ 2.

Plaintiff filed her original Complaint on October 25, 2022. *Id.* at ¶ 3. On October 25, 2022, there was no contractual agreement between Plaintiff and Defendant which precluded Hartley from filing and litigating her class claims. *Id.* at ¶ 4. Beginning for the first time in November of 2022, after Plaintiff filed her original Complaint, UCMC's Terms were occasionally presented to users

of UCMC's MyChart portal when they visit the login page, and the user is given an opportunity to review and accept UCMC's Terms in order to access the MyChart portal. *Id.* at ¶ 5.

Plaintiff filed her First Amended Complaint on March 3, 2023. *Id.* at ¶ 6. On November 8, 2023, the Court granted UCMC's Motion to Dismiss Plaintiff's First Amended Complaint, dismissing Count V (Intrusion Upon Seclusion) with prejudice and dismissing Count I (Electronic Communication Privacy Act) and Count IV (Breach of Implied Duty of Confidentiality) without prejudice. *Id.* at ¶ 7. However, on November 8, 2023, the Court made a clerical mistake, and entered an erroneous docket entry that incorrectly stated "[c]ivil case terminated." *Id.* at ¶ 8. The same docket entry also stated that "Counts I and IV of Plaintiff's Complaint are dismissed without prejudice." *Id.* at ¶ 9. Plaintiff filed a Motion to Clarify on November 9, 2023 requesting the Court clarify its docket entry from November 8, 2023 to mean the case was not terminated and for leave to file an amended complaint. *Id.* at ¶ 10. On November 13, 2023, the Court granted Plaintiff's Motion to Clarify and set a deadline for Plaintiff to file the amended complaint and for Defendant to file a responsive pleading. *Id.* at ¶ 11. The Court's November 13, 2023 minute entry explicitly states "[c]ase reopened". *Id.* at ¶ 12.

Plaintiff filed her Second Amended Complaint on December 12, 2023. *Id.* at ¶ 13. On April 30, 2024, the Court denied UCMC's Motion to Dismiss Plaintiff's ECPA claim from the SAC. *Id.* at ¶ 14. In the Court's April 30, 2024 Opinion, the Court stated, with respect to its mistaken docket entry from November 8, 2023:

> Before reaching the issues raised by Defendant's Motion, the Court will consider a procedural request by Plaintiff concerning a minute entry that stated that the case was "terminated," and for leave to file the second amended complaint. The Defendant objects and argues that the Plaintiff needs leave of the Court to file the SAC pursuant to FRCP 15 before filing an amended pleading. Plaintiff is correct, *the Court did not intend to terminate the case*, and if requested, would have allowed the filing of the SAC. The Motion is fully briefed, and Defendant has not

> demonstrated any prejudice in continuing to proceed on the SAC, so its objection is overruled.

*Id.* at ¶ 15 (emphasis added).

Defendant filed its Motion for Summary Judgement and to Strike Plaintiff's Class Allegations on June 13, 2025. Dkt. No. 141. Defendant does not contend that its Aug. 31, 2023 Terms of Use apply to Plaintiff's class claims that were filed on October 25, 2022, which have remained pending to the present. *See Id*. at pg. 13 ("UCMC's Aug. 31, 2023 Terms mandate that both parties engage in <u>pre-litigation</u> contractual remedies prior to filing suit… UCMC's Aug. 31, 2023 Terms require that any 'Dispute' first proceed through contractual dispute <u>before it can be litigated in court</u>.") (emphasis added); *Id.* at pg. 15 ("Plaintiff sought support for a class action claim that she had agreed in her contract with UCMC not to assert, <u>then subsequently filed</u> anyway without abiding by her agreement.") (emphasis added); *Id.* at pg. 1 ("by accepting UCMC's Terms, Plaintiff agreed she would *not* initiate or participate in a class action against UCMC. <u>Plaintiff breached this contractual obligation by filing her putative class action</u>. As a result, Plaintiff's class claim is barred and the class allegations should be stricken.") (emphasis added).

## III. LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The standard for summary judgment is well established: with the court drawing all inferences in the light most favorable to the non-moving party, the moving party must discharge its burden of showing that there are no genuine questions of material fact and that [it] is entitled to judgment as a matter of law." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). "If the movant has failed to make this initial showing, the court is obligated to deny the motion." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *accord. Johnson v. Hix Wrecker Serv., Inc.*,

651 F.3d 658, 662 (7th Cir. 2011) ("A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance.")

**IV. ARGUMENT**

Defendant's entire motion hinges on the notion that Hartley affirmatively assented to its Terms of Use while there was "no complaint pending" and *before* Plaintiff "filed suit." Dkt. 141 at pg. 1. *See also Id.* at 13 ("UCMC is entitled to summary judgement on Plaintiff's claim because Plaintiff admits she failed to comply with the contractual conditions *necessary to file her TAC*.") (emphasis added). According to Defendant, because the parties "have contractually agreed *to bring any claims* against one another" only on an individual basis, Plaintiff has waived her right to bring claims on behalf of a putative class. *Id.* at pg. 14. Critically, Defendant does not contend, contrary to representations it made in earlier filings, that Hartley had any relevant contractual agreements with it *before* filing this action in October 2022. *See* Defendant's Motion to Bifurcate Discovery, Dkt. 88 at pg. 2 ("Plaintiff is not a proper class representative… [because she] view[ed] and affirmatively consent[ed] to UCMC's Terms of Use several times, including on multiple separate occasions *prior to initiating this action*.") (emphasis in original). As UCMC tacitly concedes, the parties' limited initial discovery revealed that Defendant had no such pre-filing agreements with Hartley. *See* P's SOF at ¶¶ 1-5.

Instead, Defendant incredibly asserts that: (1) this action was "terminated"; (2) an agreement it says it made with Hartley *after* her original filing precludes a "new", post-termination filing; and (3) Hartley refiled this action in violation of that agreement. But there is one obvious problem. The Court's "termination" of this action was indisputably a clerical mistake which it

promptly corrected under Rule 60(a) and thus, has no legal significance.[1] The reality is that Hartley's action has remained pending throughout the 35 months since it was filed. In other words, Defendant's sole basis for summary judgment rests entirely on a blatant falsehood, *i.e.*, that this action was "terminated" and Hartley subsequently refiled it. Dkt. No. 141 at pg. 3. Remarkably, the Court's correction of this docket entry and acknowledgment that its entry was an administrative error go totally unmentioned by UCMC. *See generally* Dkt Nos. 141, 142.

Another fact omitted by Defendant is that this same erroneous docket entry states that "Counts I and IV of Plaintiff's Complaint are dismissed *without prejudice*". P's SOF at ¶¶ 7-9. Following this entry, Plaintiff immediately filed a Motion to Clarify the entry and requested leave to file an amended complaint, consistent with this Court's written opinion on Defendant's Motion to Dismiss the First Amended Complaint. *Id*. at ¶¶ 7, 10. This Court granted Plaintiff's motion four days later and set deadlines for Plaintiff to file an amended complaint and Defendant's responsive pleading. *Id*. at ¶ 11.

Accordingly, contrary to Defendant's attempt to rewrite history, Plaintiff's lawsuit was not "terminated", and Hartley's action remained pending, by order of Court. As a result, regardless of whether Plaintiff assented to UCMC's Terms after her original filing, none of the contractual promises she may have made with respect to filing a *future* class action lawsuit precluded her from proceeding with the claims she had already been pursuing since October 2022. Plaintiff filed her

---

[1] "Rule 60(a) allows judges to correct themselves when they didn't say what they meant. It applies when they wrote one thing, but meant something else. Examples include a typographical error that awards the wrong amount of damages, or an order that switches the names of the parties (*e.g.*, saying that the Court entered summary judgment to the plaintiff, when the accompanying opinion stated that the defendant had prevailed). Rule 60(a) is geared toward blunders, typos, mess-ups, goofs, and comparable clerical mistakes. In other words, Rule 60(a) applies when the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Nilssen v. Osram Sylvania, Inc.,* 2022 WL 523133, at * 9 (N.D.Ill. 2022) (citations omitted).

Second Amended Complaint on December 12, 2023. P's SOF at ¶ 14. When this Court denied Defendant's Motion to Dismiss the SAC, it addressed this precise issue in its written opinion, which could not be more clear:

> Before reaching the issues raised by Defendant's Motion, the Court will consider a procedural request by Plaintiff concerning a minute entry that stated that the case was "terminated," and for leave to file the second amended complaint. The Defendant objects and argues that the Plaintiff needs leave of the Court to file the SAC pursuant to FRCP 15 before filing an amended pleading. Plaintiff is correct, *the Court did not intend to terminate the case*, and if requested, would have allowed the filing of the SAC. The Motion is fully briefed, and Defendant has not demonstrated any prejudice in continuing to proceed on the SAC, so its objection is overruled.

*Id*. at ¶ 15 (emphasis added).

UCMC wants to proceed as though these facts never happened, seizing upon (and mischaracterizing) what it knows was a clerical mistake the Court expressly acknowledged and corrected. *See* Fed.R.Civ.P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). In short, Defendant's motion is built on a fiction—that this case was terminated and refiled—when in fact Plaintiff's class claims have remained pending since her Complaint was filed in October of 2022. Defendant ignores the Court's own clarification, the procedural history, and its own undisputed facts, all of which indisputably show Plaintiff's claims were never subject to any contractual terms that Defendant now improperly seeks to apply to her so-called "new" complaint. UCMC's motion should be denied in its entirety.

Date: July 11, 2025

Respectfully Submitted,

*/s/ Michael J. Casas*
Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
Michael J. Casas
**STEPHAN ZOURAS, LLC**

222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com
mcasas@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused a true and correct copy of the attached to be served on all record counsel through the Court's electronic filing system.

Dated: July 11, 2025 /s/ *Michael J. Casas*