IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | No. 1:22-cv-05891 |

**DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Ryan S. Hedges
BAKER & HOSTETLER LLP
One North Wacker, Suite 3700
Chicago, IL 60606
(312) 416-6200

Zachary J. Watters
Jason B. Sobelman
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

*Attorneys for Defendant University of Chicago Medical Center*

Dated: July 25, 2025

## I. INTRODUCTION

Plaintiff's[1] Memorandum in Opposition to Defendant's Motion for Summary Judgment and to Strike Plaintiff's Class Allegations ("Opposition" or "Opp.") (Dkt. No. 148) fails to address nearly all of the factual and legal arguments asserted by UCMC in its Motion. Instead, the Opposition spends the entirety of its three-page argument section creating and then attacking a strawman. Despite the contrived nature of her Opposition, Plaintiff does not cite a *single case* related to the sole issue raised in the Motion – the impact of Plaintiff's agreement to UCMC's Aug. 31, 2023 Terms prior to filing her TAC. Plaintiff's failure to address UCMC's factual contentions and legal arguments, and her inability to identify any authority supporting her position, speaks volumes.

The facts relevant to this Motion are simple and undisputed. On December 5, 2023, Plaintiff had been involved in litigation with UCMC for more than a year and she was represented by her current counsel. At that time and with no claim pending against UCMC, Plaintiff chose to enter into UCMC's Aug. 31, 2023 Terms. UCMC's Aug. 31, 2023 Terms require plaintiff (i) to engage in pre-litigation remedies prior to filing a claim against UCMC, and (ii) to refrain from participating in a class action against UCMC. Plaintiff failed to comply with her contractual obligations. As a result, UCMC is entitled to summary judgment on Plaintiff's TAC or, *in the alternative*, Plaintiff's class allegations should be stricken.

---

[1] Unless noted otherwise, all undefined capitalized terms are given the same meaning as in Defendant University of Chicago Medical Center's Memorandum of Law in Support of its Motion for Summary Judgment and to Strike Plaintiff's Class Allegations ("Memorandum" or "Memo."). (Dkt. No. 141.)

## II. ARGUMENT

### A. Plaintiff Fails to Respond to Multiple Arguments and Thus Waives Those Issues

UCMC raised several factual and legal arguments that Plaintiff wholly failed to address in her Response. Specifically, UCMC argued:

- UCMC's Aug. 31, 2023 Terms constitute an offer made to Plaintiff (Mot. at 9);
- Plaintiff accepted UCMC's Aug. 31, 2023 Terms by clicking "I Accept" and by continuing to access UCMC's Digital Services (*id*. at 9-10);
- Plaintiff received consideration in exchange for accepting UCMC's Aug. 31, 2023 Terms (*id*. at 11);
- Plaintiff's ECPA claim arises out of or relates to her use of UCMC's Public Website and is thus within the scope of "Disputes" under UCMC's Aug. 31, 2023 Terms (*id*. at 11);
- UCMC's Aug. 31, 2023 Terms apply retroactively to Plaintiff's visits to UCMC's Public Website (*id*. at 11-13);
- UCMC's Aug. 31, 2023 Terms are enforceable under Illinois law (*id*. at 13-14); and
- Plaintiff breached her obligations under UCMC's Aug. 31, 2023 Terms (*id*. at 13-15).

Plaintiff's failure to respond to UCMC's arguments and supporting caselaw, is both a waiver and a concession as to these issues. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *see also Murphy v. Siddidqui*, 2024 WL 1241832, at *4 (S.D. Ill. Mar. 22, 2024) (granting summary judgment, in part, based on plaintiff's failure to respond to an argument and resulting waiver); *Rufus v. City of Chicago*, 2019 WL 1572545, at *6 (N.D. Ill. Apr. 11, 2019) (granting summary judgment, in part, due to plaintiff's "response memorandum fail[ing] to address causation at all, thus waiving this argument entirely"). Accordingly, this Court should find that

Plaintiff has waived and conceded these issues, grant summary judgment in favor of UCMC, and dismiss the TAC with prejudice.

### B. Plaintiff's Sole Argument Is a Strawman and Should Be Ignored

The only argument asserted by Plaintiff – that UCMC "wants to pretend this case was formally closed and then refiled by Plaintiff" (Opp. at 1) – is a strawman designed to distract from UCMC's actual argument. To be clear, UCMC does not, and has not, argued that the November 8, 2023 docket entry "terminat[ing]" this case (SOF ¶ 14) entitles UCMC to the relief it seeks. Indeed, in its opening brief UCMC referenced the termination of this case a single time in the factual background section (Memo. at 3), and never again referenced the termination, in the argument section or anywhere else. Plaintiff's refusal to address UCMC's actual argument and decision to construct and attack a strawman is telling.

UCMC's actual argument is straightforward and undisputed: Plaintiff agreed to be bound by UCMC's Aug. 31, 2023 Terms *while there was no complaint or claim asserted against UCMC* and thereafter filed both her SAC and TAC in violation of UCMC's Aug. 31, 2023 Terms. Simply put, UCMC is entitled to summary judgment or, *in the alternative*, Plaintiff's class allegations should be struck because of her own conduct and not on account of a so-called "clerical error" by the Court. (Opp. at 1.) Both the law and common sense do not permit Plaintiff to agree to be bound by UCMC's Aug. 31, 2023 Terms and thereafter file a complaint and assert claims against UCMC in violation of the agreed Terms. Having chosen not to respond whatsoever to UCMC's actual argument, Plaintiff has conceded it. Accordingly, the Court should enter summary judgment in favor of UCMC.

### C. <u>Plaintiff's Dismissed Complaints Do Not Allow Her to Ignore Her Obligations Under UCMC's Aug. 31, 2023 Terms</u>

Scraping away Plaintiff's strawman argument, Plaintiff may be attempting to argue that the filing of her original Complaint prior to agreeing to UCMC's Aug. 31, 2023 Terms eliminates the need for her to comply with UCMC's Aug. 31, 2023 Terms going forward.[2] This argument fails for at least *three* reasons.

*First*, this argument ignores the definition of "Disputes" contained within Section 15 of UCMC's Aug. 31, 2023 Terms. Section 15 states that its substantive provisions "limit the manner in which [Plaintiff] can seek relief from [UCMC] related to certain [. . .] claims" and "causes of action," all of which are included within the definition of "Disputes." (SOF ¶ 32 (emphasis removed).) It is axiomatic that "[t]he language of a contract must be examined to determine the rights and obligations of the parties. When its terms are clear and unambiguous, the plain language of the contract controls and it must be enforced as written." *Georgia-Pacific Corp. v. First Wis. Fin. Corp.*, 805 F. Supp. 610, 615 (N.D. Ill. 1992) (citations omitted); *see also SEG Liquidation Co., LLC v. Stevenson*, 2008 WL 3849907, at *3 (N.D. Ill. Aug. 14, 2008) ("In the absence of ambiguity, the plain language of a written agreement controls the obligations of the parties to it.") (citation omitted). Here, there is no ambiguity. Section 15 clearly states that it limits Plaintiff's ability to seek relief from UCMC with respect to "claims" and "causes of action." (SOF ¶ 32.)

Critically, on December 5, 2023, when Plaintiff accepted UCMC's Aug. 31, 2023 Terms, Plaintiff's FAC had been dismissed and thus no "claims" or "causes of action" were pending. At

---

[2] It bears noting that Plaintiff's Response does not articulate this argument and does not provide any factual or legal support for it. It is not the Court's responsibility to do that work for Plaintiff. *See Rufus*, 2019 WL 1572545, at *6 ("[S]ummary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact, and it was not the district court's job to sift through the record and make [plaintiff's] case for [her].") (quoting *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510-11 (7th Cir. 2010)).

that time, Plaintiff had no means by which to seek relief from UCMC. That did not exist until Plaintiff filed her SAC and TAC (SOF ¶¶ 39, 43) *after* she agreed to "limit the manner in which [she could] seek relief from [UCMC]." There is no language in Section 15, or any other section of UCMC's Aug. 31, 2023 Terms, that would allow Plaintiff to ignore her obligations and file anew claims or causes of action which were, but are no longer, pending. Plaintiff's attempt to unilaterally amend the terms of Section 15 should be rejected. *Georgia-Pacific Corp.*, 805 F. Supp. at 615 ("Summary judgment based on the plain meaning of the contract is appropriate regardless of whether a party claims some other intent when the contract was drafted.").

*Second*, this argument also ignores the substantive provisions of Section 15. Section 15(C) requires Plaintiff to notify UCMC in writing "of any Dispute within thirty (30) days of the date it arises" prior to filing a complaint. (SOF ¶ 35.) The filing of Plaintiff's original Complaint prior to Plaintiff agreeing to be bound by UCMC's Aug. 31, 2023 Terms does nothing to eliminate or alter this obligation. The purpose of Section 15(C) is to afford Plaintiff and UCMC an opportunity to "attempt in good faith to resolve the Dispute informally." (*Id.*) The nature and scope of Plaintiff's Dispute with UCMC has shifted dramatically since the filing of her original Complaint. For example, Plaintiff initially alleged that her claims were based principally on her interactions with and communications made with the UCMC MyChart patient portal. (Dkt. No. 2 at ¶ 24; Dkt. No. 33 at ¶ 31; Dkt. No. 61 at ¶¶ 158-59.) However, after completing discovery into certain limited topics, Plaintiff has significantly curtailed her sole remaining claim and conceded that the "Meta Collection Tools" were never installed and therefore never operated on the UCMC MyChart patient portal. (SOF ¶ 42.) In her TAC, Plaintiff has shifted her story to allege that she visited UCMC's Public Website and that those visits are the sole basis for her claim. (*Id.* ¶¶ 2-3.) This substantive shift in factual and legal theories constitutes a claim or cause of action for which

Plaintiff was required to provide UCMC with written notice. Indeed, Plaintiff concedes she failed to comply with Section 15(C) and never provided UCMC written notice of any of her various claims or causes of action before filing them in this Court. (*Id*. at ¶ 44.)

With respect to Section 15(A), Plaintiff "waive[d] any right to pursue any claims as a plaintiff or class member in any purported class or representative action or proceeding." (SOF ¶ 37 (emphasis removed).) This waiver is not merely a limitation on filing a new claim, but also applies to any effort by Plaintiff to "pursue" such a claim. Black's Law Dictionary defines "pursue" to mean "[t]o prosecute or sue <to pursue for damages>." Black's Law Dictionary 1495 (12th ed. 2024).[3] In other words, Plaintiff waived her ability to litigate any claim, whether pending or not, against UCMC on a class basis. As a result, even if Plaintiff had a claim pending against UCMC at the time she consented to UCMC's Aug. 31, 2023 Terms (and she did not), it would not matter. Plaintiff waived her right to litigate any such claim as a member of a class.

*Finally*, this argument would produce absurd results which run completely contrary to the purpose of UCMC's Aug. 31, 2023 Terms. "In the interpretation of any contract, absurd results are to be avoided." *Physicians HealthSource, Inc. v. Allscripts Health Sols., Inc.*, 140 F. Supp. 3d 690, 696 n.4 (N.D. Ill. 2015) (citing *United States v. Barnet*, 415 F.3d 690 (7th Cir. 2005); *Beanstalk Group. Inc. v. AM General Corp.*, 283 F.3d 856 (7th Cir. 2002)). Here, the absurd result is the irrational proposition that parties cannot reach an agreement with respect to ongoing conduct. Under this argument, innumerable settlement agreements which require a party to cease existing

[3] The use of dictionary definitions to determine the meaning of undefined contractual terms is appropriate. *See Raquet v. Allstate Corp.*, 501 F. Supp. 3d 630, 644 (N.D. Ill. 2020) ("This Court gives undefined contract terms their plain, ordinary, and popular meanings, such as those found in dictionary definitions.") (citing *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 453 (7th Cir. 2012)).

conduct (e.g., refrain from possessing and utilizing the opposing party's trade secrets) would be unenforceable.

Applied to UCMC's Aug. 31, 2023 Terms, this argument produces an equally absurd result. As an initial matter, even if this dispute were assumed to be ongoing, despite the period of time in which no claim was pending against UCMC, there is no language in UCMC's Aug. 31, 2023 Terms that eliminates the obligations and waivers contained in Section 15 with respect to an existing lawsuit. To read such language into UCMC's Aug. 31, 2023 Terms would permit *any* user of UCMC's Digital Services to avoid their contractual obligations. For example, imagine a patient of UCMC files a lawsuit related to medical care she received. Shortly thereafter, the patient utilizes UCMC's Digital Services and accepts UCMC's Terms. Years after initiating her lawsuit, the patient amends her complaint to include new claims related to her use of UCMC's Digital Services, including claims asserted on behalf of a putative class. According to this argument, the patient is free to do so since Plaintiff filed a complaint against UCMC *before* agreeing to UCMC's Terms. This absurd and untenable result creates a perverse race to the courthouse and encourages users of UCMC's Digital Services to initiate legal action before agreeing to UCMC's Terms, in order to sidestep the obligations created by UCMC's Terms. The law does not permit such a result. *Physicians HealthSource*, 140 F. Supp. 3d at 696 n.4.

## III. CONCLUSION

For all of the foregoing reasons, Defendant University of Chicago Medical Center respectfully submits that this Court should grant its Motion, and grant summary judgment in favor of UCMC. If this Court does not grant summary judgment in favor of UCMC or does not grant UCMC's Motion to Dismiss (Dkt. Nos. 137-38), UCMC requests that this Court strike Plaintiff's class allegations.

Respectfully submitted,

UNIVERSITY OF CHICAGO MEDICAL CENTER

By: */s/ Ryan S. Hedges*
One of Its Attorneys

Ryan S. Hedges
BAKER & HOSTETLER LLP
One North Wacker, Suite 3700
Chicago, IL 60606

Zachary J. Watters
Jason B. Sobelman
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

Dated: July 25, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ryan F. Stephan
James B. Zouras
Mohammed A. Rathur
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Phone: (312)233-1550
Fax: (312)233-1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mrathur@stephanzouras.com

Lauren R. Goldman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Phone: (212) 351-4000
lgoldman@gibsondunn.com

Matthew L. Kutcher
Cooley LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606
Phone: (312) 881-6500
Fax: (312) 881-6598
mkutcher@cooley.com

on July 25, 2025

*/s/ Ryan S. Hedges*
Ryan S. Hedges