IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | Case No. 1:22-cv-05891 |

**DEFENDANT UNIVERSITY OF CHICAGO MEDICAL CENTER'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56(b)(3)(c) ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS REQUIRING DENIAL**

Defendant University of Chicago Medical Center ("UCMC") hereby responds to Plaintiff Sophia Hartley's ("Plaintiff") Local Rule 56(b)(3)(c)[1] Additional Statement of Undisputed Material Facts Requiring Denial ("Local Rule 56.1(b)(3) Statement"). (Dkt. No. 147.)

**PARAGRAPH NO. 1:**

In August of 2022, UCMC updated its Public Website Terms of Use to include, for the first time, "a waiver by the user to assert claims against UCMC as a class, as well as agreements to limit UCMC's liability, limit the damages to which the user is entitled, and require the user to engage in a dispute resolution process before filing a lawsuit." Exhibit 1, ("Habercoss Dep. Tr.") at 53:4–54:23.

[1] The Local Rules of the Northern District of Illinois do not include a Rule 56(b)(3)(c). UCMC assumes Plaintiff was attempting to reference Local Rule 56.1(b)(3) which permits a party opposing a motion for summary judgment to "assert facts not set forth in the LR 56.1(a)(2) statement or the LR 56.1(b)(2) response" via a "statement of additional material facts." Accordingly, UCMC will refer to Plaintiff's Local Rule 56(b)((3)(c) statement as a "Local Rule 56.1(b)(3) Statement."

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 2:**

The August 2022 Terms of Use appeared only on UCMC's Public Website until "approximately" November 2022, at which point the same Terms of Use also appeared on UCMC's MyChart patient portal. *Id.* at 58:15–59:25. (hereinafter, "UCMC's Terms").

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 3:**

Plaintiff filed her original Complaint on October 25, 2022. (Dkt. No. 2).

**RESPONSE:**

Objection. Paragraph number three of Plaintiff's Local Rule 56.1(b)(3) Statement is improper and fails to comply with Local Rule 56.1(b)(3) which limits the facts which can be asserted to those facts "not set forth in the LR 56.1(a)(2) statement the LR 56.1(b)(2) response[.]" The facts asserted in paragraph number three are substantively identical to the facts asserted in paragraph number seven of UCMC's Local Rule 56.1 Statement of Material Facts. Subject to the foregoing objection, admitted.

**PARAGRAPH NO. 4:**

On October 25, 2022, there was no contractual agreement between Plaintiff and Defendant that precluded Plaintiff from filing and litigating her class claims. (Habercoss Dep. Tr. at 53:4–54:23; 58:15–59:25; *see also* Dkt. No. 88-1 at ¶ 11.

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 5:**

Beginning for the first time in November of 2022, after Plaintiff filed her original Complaint, UCMC's Terms were occasionally presented to users of UCMC's MyChart portal when they visit the login page, and the user is given an opportunity to review and accept UCMC's Terms in order to access the MyChart portal. Habercoss Dep. Tr. at 47:17–48:8; 59:3–18; (Dkt. No. 142-2) at ¶¶ 4–7.

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 6:**

Plaintiff filed her First Amended Complaint on March 3, 2023 (Dkt. No. 33).

**RESPONSE:**

Objection. Paragraph number six of Plaintiff's Local Rule 56.1(b)(3) Statement is improper and fails to comply with Local Rule 56.1(b)(3) which limits the facts which can be asserted to those facts "not set forth in the LR 56.1(a)(2) statement the LR 56.1(b)(2) response[.]" The facts asserted in paragraph number three are substantively identical to the facts asserted in paragraph number 11 of UCMC's Local Rule 56.1 Statement of Material Facts. Subject to the foregoing objection, admitted.

**PARAGRAPH NO. 7:**

On November 8, 2023, the Court granted UCMC's Motion to Dismiss Plaintiff's First Amended Complaint, dismissing Count V (Intrusion Upon Seclusion) with prejudice and dismissing Count I (Electronic Communication Privacy Act) and Count IV (Breach of Implied Duty of Confidentiality) without prejudice. (Dkt. No. 52)

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 8:**

However, on November 8, 2023, the Court made a clerical mistake, and entered an erroneous docket entry that incorrectly stated "[c]ivil case terminated." (Dkt. No. 52).

**RESPONSE:**

Objection. The citation to Docket Number 52 does not support the statement that the Court "made a clerical mistake." Disputed as to the phrase "clerical mistake." Admitted that on November 8, 2023, the Court entered a docket entry that stated "[c]ivil case terminated."

**PARAGRAPH NO. 9:**

The same docket entry also stated that "Counts I and IV of Plaintiff's Complaint are dismissed without prejudice." (Dkt. No. 52).

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 10:**

Plaintiff filed a Motion to Clarify on November 9, 2023, requesting the Court clarify its docket entry from November 8, 2023 to mean the case was not terminated and for leave to file an amended complaint. (Dkt. No. 53).

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 11:**

On November 13, 2023, the Court granted Plaintiff's Motion to Clarify and set a deadline for Plaintiff to file the amended complaint and for Defendant to file a responsive pleading. (Dkt. No. 56).

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 12:**

The Court's November 13, 2023, minute entry explicitly states "[c]ase reopened". (Dkt. No. 56).

**RESPONSE:**

Admitted.

**PARAGRAPH NO. 13:**

Plaintiff filed her Second Amended Complaint on December 12, 2023 (Dkt. No. 61)

**RESPONSE:**

Objection. Paragraph number 13 of Plaintiff's Local Rule 56.1(b)(3) Statement is improper and fails to comply with Local Rule 56.1(b)(3) which limits the facts which can be asserted to those facts "not set forth in the LR 56.1(a)(2) statement the LR 56.1(b)(2) response[.]" The facts asserted in paragraph number three are substantively identical to the facts asserted in paragraph number 39 of UCMC's Local Rule 56.1 Statement of Material Facts. Subject to the foregoing objection, admitted.

**PARAGRAPH NO. 14:**

On April 30, 2024, the Court denied UCMC's Motion to Dismiss Plaintiff's ECPA claim from the SAC. (Dkt. No. 75.)

**RESPONSE:**

Objection. Paragraph number 14 of Plaintiff's Local Rule 56.1(b)(3) Statement is improper and fails to comply with Local Rule 56.1(b)(3) which limits the facts which can be asserted to those facts "not set forth in the LR 56.1(a)(2) statement the LR 56.1(b)(2) response[.]" The facts asserted in paragraph number three are substantively identical to the facts asserted in paragraph number 41 of UCMC's Local Rule 56.1 Statement of Material Facts. Subject to the foregoing objection, admitted.

**PARAGRAPH NO. 15:**

In the Court's April 30, 2024, Opinion, the Court stated, with respect to its mistaken minute entry from November 8, 2023:

> Before reaching the issues raised by Defendant's Motion, the Court will consider a procedural request by Plaintiff concerning a minute entry that stated that the case was "terminated," and for leave to file the second amended complaint. The

> Defendant objects and argues that the Plaintiff needs leave of the Court to file the SAC pursuant to FRCP 15 before filing an amended pleading. Plaintiff is correct, *the Court did not intend to terminate the case*, and if requested, would have allowed the filing of the SAC. The Motion is fully briefed, and Defendant has not demonstrated any prejudice in continuing to proceed on the SAC, so its objection is overruled.

(Dkt. No. 75 at pg. 2) (emphasis added).

**RESPONSE:**

Admitted.

Respectfully submitted,

By: *\/s/ Ryan S. Hedges*
By Its Attorneys

Ryan S. Hedges
BAKER & HOSTETLER LLP
One North Wacker, Suite 3700
Chicago, IL 60606

Zachary J. Watters
Jason B. Sobelman
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500

Dated: July 25, 2025