**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINIOS**
**EASTERN DIVISION**

| | |
|---|---|
| SOPHIA HARTLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CHICAGO MEDICAL CENTER,<br><br>Defendant. | Case No. 1:22-cv-05891<br><br>Hon. Georgia N. Alexakis |

**PLAINTIFF'S MOTION TO COMPEL AND ENFORCE COMPLIANCE WITH RULE 26(a)(1)(A)(iv) AND ORDERS OF THIS COURT**

Defendant has deliberately failed, without justification, to produce its insurance agreements as mandated by Rule 26(a)(1)(A)(iv). Despite Plaintiff's repeated efforts over the last four weeks to secure compliance without involving the Court, Defendant has offered nothing but vague assurances that while counsel has requested the policies, UCMC inexplicably has not produced them and will not commit to any time certain by which to do so. Accordingly, Plaintiff Sophia Hartley ("Plaintiff") respectfully moves this Honorable Court for an Order directing Defendant University of Chicago Medical Center ("UCMC" or "Defendant") to produce its insurance agreements as mandated by Rule 26(a)(1)(A)(iv) and order of this Court.

## I. RELEVANT BACKGROUND

On June 5, 2025, the Court entered a discovery schedule and established a deadline of June 30, 2025 for the parties to exchange their Rule 26(a)(1) initial disclosures. (Dkt. No. 134). The parties exchanged disclosures on that date. With respect to Rule 26(a)(1)(A)(iv), UCMC identified, but did not produce, "an insurance policy issued by AIG (Policy No. 7575940457US) which may apply to the claims or defenses in this lawsuit." *See* Exhibit 1 at pg. 5. UCMC further agreed to

provide a copy, "upon Plaintiff's request", of only the declaration page, despite the explicit obligation under the Rule to produce the entire policy. *See* Exhibit 1 at pg. 5; Fed.R.Civ.P. 26(a)(1)(A)(iv).

On July 8, 2025, Plaintiff contacted Defendant and requested a copy of the declaration page it referenced. Exhibit 2 at *4. Defendant ignored Plaintiff for almost two weeks. Plaintiff followed up on July 21, 2025, again requesting the policy identified in UCMC's initial disclosures. *Id.* at *3. Defendant ignored Plaintiff again. On July 23, 2025, Plaintiff sent a third follow-up, specifically requesting Defendant's compliance with Rule 26(a)(1)(A)(iv) and advising that she would seek relief from the Court if no response was received by 5:00pm the following day. *Id.* Defendant's counsel then called Plaintiff, confirmed that UCMC had not provided it to counsel despite its request, and that counsel would tender the insurance policy information "once we receive it from our Client." *Id.* After additional email correspondence, Plaintiff made a final effort to avoid Court intervention by requesting that Defendant simply commit to producing the agreements required under the Rule by the close of business one week later, 31 days after they were due by Rule, on July 31, 2025. *Id.* at *1. Defendant's counsel declined Plaintiff's request, reiterating only that "we have requested the information from our Client and will provide it to you once we receive it." *Id.* UCMC has never offered any excuse, justification or explanation for its failure and refusal to produce its insurance policies.

## II. LEGAL STANDARD

The mandatory disclosure requirements of Rule 26(a) are not optional or mere suggestions. By its express terms, Rule 26(a)(1)(A)(iv) requires parties to produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Further, Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other

party may move to compel disclosure and for appropriate sanctions." Finally, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4).

## III. ARGUMENT

As it acknowledged one month ago, UCMC has insurance which may satisfy all or part of any judgment in this case. *See* Exhibit 1 at pg. 5. Rule 26(a)(1)(A)(iv) is unambiguous: it requires parties to produce, without awaiting a discovery request, any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment. Despite this Court's June 5, 2025 order expressly requiring Defendant to serve its initial disclosures by June 30, 2025, UCMC has provided only incomplete disclosures without explanation or excuse, conveying only that UCMC would continue to withhold this required information indefinitely. As revealed by the substance and tone of defense counsel's communications, in which they unapologetically double down on their "you'll get it when we get it" mantra, it appears UCMC's decision to withhold its insurance policies, even from its own attorneys, is a deliberate one.

Moreover, Defendant's vague and empty promise to produce only a "declaration page" is itself non-complaint with the Federal Rules. *See e.g. Brazao v. Pleasant Valley Apartments, LLC*, No. 3:21-CV-1275(SALM), 2022 WL 2980842, at *6 (D. Conn. July 28, 2022) ("In light of the clear language of Rule 26(a)(1)(A)(iv) that defendants shall produce 'any *insurance agreement*,' the Court finds the production of only the face sheets insufficient.") (emphasis in original); *Schmidt v. Shifflett*, No. 1:18-CV-00663-KBM-LF, 2019 WL 3573507, at *1 (D.N.M. Aug. 6, 2019) ("The rule does not limit the disclosure to the dec pages, and the defendants have not provided any explanation why the entire policy should not be disclosed. Further, the disclosure of the dec pages generally is insufficient to satisfy a party's obligation under Rule 26.") (collecting cases); *Garcia v. Techtronic Industries N.A., Inc.*, No. 2:13-CV-05884 MCA, 2015 WL 1880544, at *4 (D.N.J.

Apr. 22, 2015) ("This Court finds that the production of merely the declaration pages is insufficient to satisfy Rule 26. Rule 26 of the Federal Rules of Civil Procedure does not specifically address the production of declaration pages. *See* Fed.R.Civ.P. 26. The Rule is clear on its face regarding insurance agreements as a whole: their disclosure is automatic."). Defendant's cavalier attitude toward its discovery obligations under both the Federal Rules and this Court's Order cannot be countenanced. Despite Plaintiff's good faith attempt to confer with defense counsel and obtain the insurance information to which she was unequivocally entitled without making a specific request, Defendant continues to disregard its duty to produce the insurance agreements which indisputably exist. Court involvement is thus, lamentably, required.

## IV. CONCLUSION

For all the above reasons, Plaintiff respectfully requests an order directing UCMC to produce its insurance agreements, within three days of entry of this order.[1]

## <u>LOCAL RULE 37(a)(1) CERTIFICATION</u>

Undersigned counsel, after a telephone call and good faith attempt to resolve these discovery issues with defense counsel, have been unable to reach an accord on the foregoing dispute.

Date: July 29, 2025

Respectfully Submitted,

*<u>/s/ Michael J. Casas</u>*
Ryan F. Stephan
James B. Zouras
Michael J. Casas

[1] Although Plaintiff is entitled to seek sanctions against UCMC under Rule 37(a)(3)(A), and reserves her right to do, at this time she simply seeks compliance with Rule 26(a)(1)(A)(iv) and this Court's June 5, 2025 Order. *See, e.g., Petersen v. Hormel Foods Corporation*, 2024 WL 5089128 (W.D.Wisc. Dec. 12, 2024) (awarding reasonable attorneys' fees awarded for withholding insurance information under the Rule).

**STEPHAN ZOURAS, LLC**
222 W. Adams Street
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mcasas@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**